```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS

                                    )
JOSEPH B. BEY, JR.,                 )
                                    )
           Petitioner,              )
                                    )
v.                                  )   CIVIL NO. 05-11757-REK
                                    )
UNITED STATES DEPARTMENT OF JUSTICE,)
                                    )
           Respondent.              )
```

### GOVERNMENT'S OPPOSITION TO PETITIONER'S MOTION TO CORRECT AND/OR MODIFY THE JUDGMENT OF CONVICTION AND SENTENCE PURSUANT TO 28 U.S.C. §2241

The United States of America, by United States Attorney Michael J. Sullivan and Assistant United States Attorney Sabita Singh (the "government"), opposes the motion of Joseph B. Bey, Jr. ("Bey"), pursuant to 28 U.S.C. §2241, to correct and/or modify the judgment of his conviction and his sentence. Bey contends that he has been deprived of a lower level custody classification – and its attendant benefits, due to certain sentence enhancements which he claims were unconstitutionally imposed in violation of United States v. Booker, ___ U.S. ___, 125 S.Ct. 738 (2005).

At its core, Bey's claim is an attack on the validity of his sentence, and therefore, the claim should have been raised pursuant to 28 U.S.C. §2255. However, he cannot raise a §2255 claim at this point because more than one year has elapsed since his conviction became final. Additionally, Bey previously filed a motion under §2255 and has not obtained certification to pursue a "second or successive" motion. Nor has Bey established that §2255 is

"inadequate or ineffective" to test the legality of his detention. In any event, Booker is not retroactive to Bey's case, and even if it were, application of Booker to his case would not support him. As a result, Bey's motion should be denied.

## PRIOR PROCEEDINGS

On November 20, 1998, after a jury trial, Bey was convicted of conspiracy to import cocaine (count 1), 21 U.S.C. §963, attempt to import cocaine (count 2), 21 U.S.C. §963, and importation of cocaine (count 3-8), 21 U.S.C. §952(a). According to the Presentence Report, Bey was responsible for dealing in 29.6 kilograms of cocaine, which brought his Base Offense Level under the Sentencing Guidelines to 34. He was also given a two level upward adjustment to 36 for obstruction of justice and a three level upward adjustment to 39 for his role in supervising others in the criminal enterprise. As his Criminal History Category was calculated to be a Category III, Bey's sentencing range was 324 to 405 months.

On March 11, 1999, this Court (Keeton, J.) sentenced Bey to a term of 324 months imprisonment, followed by a term of five years supervised release. On appeal to the First Circuit, Bey challenged his sentence in three respects: the calculation of the amount of cocaine, the enhancement for obstruction of justice and the enhancement for his supervisory role. He argued that, given the enhanced penalties, each of these elements should have been proven

2

beyond a reasonable doubt. The First Circuit rejected these challenges and affirmed Bey's conviction on August 12, 1999. United States v. Bey, 188 F.3d 1 (1st Cir. 1999).

On September 20, 2000, Bey filed a motion to vacate, set aside or correct conviction and sentence pursuant to 28 U.S.C. §2255. There, Bey made the same and additional challenges to his sentence: the calculation of cocaine amount, the sentence enhancements, the calculation of criminal history category and the failure to receive a downward departure due to rehabilitation. On the basis of Apprendi v. New Jersey, 530 U.S. 466 (2000), he argued that these elements should have been proven beyond a reasonable doubt. On August 20, 2001, this Court rejected these claims and dismissed Bey's motion with prejudice.

On August 26, 2005, Bey filed this motion pursuant to 28 U.S.C. §2241, again challenging his sentence. This time, Bey challenges the enhancement that was imposed for his supervisory role in the offense, as that enhancement forms the basis for Bey's inability to obtain a lower level custody classification and its attendant benefits.

# FACTS[1]

At trial, the government presented evidence that showed Bey recruited a number of unsuspecting couriers to transport large amounts of cocaine, diluted in bottles of alcohol, from Jamaica to the United States. Bey would recruit one or two persons at a time to assist him in filming various documentary films in Jamaica. Although the recruits typically had no experience in this type of work, Bey convinced them that the work was easy, that he would train them, and that he would pay for all their expenses on the trip.

Once in Jamaica, the recruits would take part in minimal filming with equipment that frequently did not work and spend the remainder of their time on vacation. When the recruits returned to the United States, Bey or someone else would give each recruit three bottles and ask them to take the bottles to John Moore or Vasco Harriott in the United States. Under the impression that the bottles contained only rum or wine for Bey's friends at home, the recruits would agree and bring the bottles into the United States.

---

1. The facts are taken from United States v. Bey, 188 F.3d 1, 3-4 (1st Cir. 1999).

**ARGUMENT**

I. **Bey's Claim Is An Attack On The Validity Of His Sentence, And Therefore Should Have Been Brought Under 28 U.S.C. §2255, Rather Than 28 U.S.C. §2241.**

Bey, currently a prisoner at Federal Medical Center ("FMC") Devens, contends that he is ineligible for a reduction in his custody level – and the attendant benefits, due to the application of the Greatest Severity Offense Public Safety Factor to his custody classification. According to the Federal Bureau of Prisons Security Designation and Custody Classification Manual, this factor applies to Bey, because he was determined to be a drug offender who was part of an organizational network, and he organized or maintained ownership interest/profits from large-scale drug activity.[2]

As this determination stemmed from the Presentence Report which this Court adopted, Bey seeks to have his sentence modified, specifically to remove the enhancement which characterizes him as a supervisor of criminal activity. Relying on United States v. Booker, ___ U.S. ___, 125 S.Ct. 738 (2004), Bey contends that the

---

2. Bey correctly notes that "High Drug" was discontinued as a Public Safety Factor as of January 31, 2002. See PS 5100.07, CN-2 1/31/2002, Chapter 7, Page 6A. This has no bearing, however, on Bey's classification, as the Public Safety Factor applied to him was "Greatest Severity Offense," which includes drug offenders who are part of an organizational network and who organize or maintain ownership interest/profits from large-scale drug activity. See PS 5100.07, 9/3/99, Appendix B, Page 1. This factor was not discontinued and remains in force today.

enhancement was unconstitutionally applied to him because it was imposed by the Court without the jury having found the underlying facts beyond a reasonable doubt. Thus, the core of Bey's complaint is not the execution of his sentence; rather, it is the validity of his sentence.

A collateral attack on the validity of a sentence may only be brought under 28 U.S.C. §2255. See United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999)("Federal prisoners are permitted to use §2241 to attack the execution, rather than the validity, of their sentences, and the 'inadequate or ineffective' savings clause is not applicable to such attacks since they are outside the bounds of §2255"); Calvache v. Benov, 183 F.Supp. 2d 124, 126 (D. Mass. 2001)("Typically, prisoners are permitted to use section 2241 to challenge the execution of their sentences, not the validity of their sentences"). As Bey's claim challenges the validity of his sentence, he may not raise it through a motion under §2241. Rather, he was required to bring it under §2255. Thus, his petition should be denied.

## II. Bey Is Now Procedurally Barred From Bringing His Claim Under 28 U.S.C. §2255.

Under 28 U.S.C. §2255 ¶6(1), Bey was required to bring his motion within one year of his judgment of conviction becoming final. Bey's conviction was affirmed on appeal on August 12, 1999. Thus, Bey cannot utilize §2255, because more than one year has elapsed since the final adjudication of his conviction. Though Bey may

contend that the one year period did not begin to run until the Supreme Court decided <u>Booker</u> on October 4, 2004, <u>see</u> §2255 ¶6(3), the Supreme Court made clear that its holding in <u>Booker</u> did <u>not</u> apply to cases on collateral review.  See <u>United States</u> v. <u>Booker</u>, ___ U.S. ___, 124 S.Ct. 738, 769 (2004) ("we must apply today's holding . . . to all cases on direct review").  Therefore, Bey was required to bring this claim within one year of final adjudication.  As he failed to do so, he is time-barred from bringing this claim now.

Additionally, Bey previously filed a motion under §2255.  According to 28 U.S.C. §2255 ¶8, Bey may only bring a "second or successive" §2255 motion after having it certified, by a panel of the Court of Appeals, to contain newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  Bey did not obtain certification from the Court of Appeals.  Nor does he rely on newly discovered evidence to challenge his sentence.  Rather, he relies on the rule announced in <u>United States</u> v. <u>Booker</u>, ___ U.S. ___, 125 S.Ct. 738 (2004).  Yet, the Supreme Court in <u>Booker</u> explicitly limited the application of its holding to cases on direct, not collateral, review.  <u>Id</u>. at 769.  Thus, §2255 is also unavailable to Bey.

**III. The Fact That Bey Is Procedurally Barred From Bringing His Claim Under §2255, Does Not Make §2255 "Inadequate Or Ineffective" To Test The Legality Of His Detention.**

Though prisoners may bring claims under §2241 if §2255 is "inadequate or ineffective," 28 U.S.C. §2255 ¶5, a "petition under §2255 cannot become 'inadequate or ineffective,' thus permitting the use of §2241, merely because a petitioner cannot meet the [statute's] 'second or successive' requirements." See United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999). Rather, the courts have held that, in very rare circumstances involving claims of actual innocence or serious constitutional issues that, unless resolved, would lead to fundamental miscarriages of justice, this so-called "savings clause" allows a federal prisoner to proceed under §2241 rather than §2255. Id. at 49-54.

Here, Bey is not asserting a claim of actual innocence, nor is he raising a fundamental defect calling into question the reliability of his conviction. Rather, he is contending that the sentencing court violated Booker by finding certain facts that led to an increase of his offense level under the Sentencing Guidelines beyond the facts found by the jury. This is not the type of claim for which the courts have allowed prisoners to bypass §2255 in favor of §2241. See, for example, United States v. Peterman, 249 F.3d 458, 461-462 (6th Cir. 2001) (denying relief under §2241 on a sentencing claim that a co-defendant successfully raised on appeal); Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999) ("the only

8

sentencing claims that may conceivably be covered by the savings clause are those based on retroactively applicable Supreme Court decisions overturning circuit precedent").

Bey has the burden of demonstrating that §2255 is an "inadequate or ineffective" remedy. Calvache v. Benov, 183 F.Supp. 2d 124, 126 (D. Mass. 2001). He has failed to meet his burden.

### IV. Bey's Claim Fails On The Merits As Booker Is Not Retroactive, And Even If It Were, The Case Would Not Support Him.

As the Supreme Court made clear, its holding in Booker applied to "all cases on direct review." 125 S.Ct. at 769. It did not extend its holding to cases on collateral review. Therefore, Bey's conviction, having been finalized years ago, may not be disturbed due to the holding in Booker. Even if Booker were to be applied to Bey's case, however, it would not advance his position.

Though Bey was sentenced under a mandatory Sentencing Guidelines structure, prior to the decision in Booker, there is no indication that the Court would have sentenced Bey to a lesser term or would have declined to impose a role-in-offense enhancement, had the Court viewed the Sentencing Guidelines as merely advisory. See United States v. Casas, 425 F.3d 23, 59 (1st Cir. 2005) (any Booker error is harmless unless lower sentence would have been imposed under post-Booker regime).

With respect to Bey's role in the offense, the Court noted:

> I have a large array of evidence before me involving all of the succession of transactions in which the defendant Bey is involved in recruiting persons to bring back or

9

> transport - not in all instances back, but within this area - quantities of liquid cocaine.
>
> I think it's quite appropriate as the probation officer has concluded that the defendant Bey operated at a lower level than Moore and Jubba and should not be classified as a manager, but **I find the evidence** far beyond merely establishing by a preponderance of the evidence, which is the standard I should apply here, but **much more cogent and powerful than that, that he was deserving of the three-level enhancement as a supervisor** of a number that goes up at least three-point adjustment that is proposed by the probation officer is correct.

Sentencing Hearing Transcript (03/11/1998) at 15-16.

From the sentencing judge's remarks, it is evident that the judge deemed the enhancement for Bey's role in the offense as justified. Contrast United States v. MacKinnon, 401 F.3d 8, 10 (1st Cir. 2005) (sentencing judge characterized sentence she was required to impose under Sentencing Guidelines as "unjust, excessive and obscene"). As the sentencing judge would not likely have sentenced Bey to a lesser term or removed the role-in-offense enhancement, had he considered the Sentencing Guidelines to be merely advisory, Booker - even if it could be applied to Bey - does not support Bey's claim for relief.

**CONCLUSION**

Bey's §2241 claim is in reality a §2255 claim as he challenges the validity of his sentence. As such, he may not bring it, as more than one year has elapsed since the judgment of his conviction became final. Additionally, he previously filed a §2255 claim and has not obtained certification to file a second or successive §2255 claim. Nor has he established that §2255 is an inadequate or ineffective remedy. In any event, Bey's claim fails on its merits.

> Respectfully submitted,
>
> MICHAEL J. SULLIVAN
> UNITED STATES ATTORNEY
>
> By: /s/ Sabita Singh
> SABITA SINGH
> Assistant United States Attorney

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

> Joseph B. Bey, Jr.
> No. 21146-038
> Federal Medical Center Devens
> P.O. Box 879
> Ayer, MA 01432

This 18th day of November, 2005.

> /s/ Sabita Singh
> SABITA SINGH
> Assistant United States Attorney