**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| Joseph Bey, Jr., | * | |
| Petitioner, Plaintiff, | * | |
| | * | |
| vs. | * | Civil No. **05-11757-REK** |
| | * | |
| | * | Criminal No. **96-10178-REK** |
| United States Department of Justice, | * | |
| Respondent, Defendant, | * | |

## PETITIONER'S TRAVERSE TO RESPONDENT'S OPPOSITION TO MOTION FILED PURSUANT TO 28 U.S.C. § 2241

Now Comes Joseph Bey, Jr. proceeding In propria persona, in the above styled action and numbered cause, to be referred herein after as "Petitioner," respectfully moving this most honorable court with his Traverse of the Respondent's opposition to motion to correct and/or modify the judgment of conviction and sentence, pursuant to the provisions of 28 U.S.C. § 2241.[1] In support of this motion for relief the petitioner hereby avers as follows:

The petitioner has raised a claim under the provisions of Title 28 U.S.C. § 2241, after exhausting his administrative remedies, in the Federal Bureau of Prisons ("FBOP"), to challenge and correct the effect of events that became apparent 'subsequent' to his conviction and imposition of sentence. Section 2241, has been established as a separate statutory enactment, as such it is entitled to its own reading, and should not be constrained by case law previously articulated for § § 2254 and 2255 cases. The need for deterrence to adverse actions in a prison environment is paramount, and 2241 is a continuing mandate from Congress, that insures all

---

[1] 28 U.S.C. § 2248 states: "The allegations of a return of the Habeas Corpus or an answer to an order to "Show Cause" in a Habeas proceeding if not traversed shall be accepted as true."

1

sentences be carried out appropriately, and in accordance with the constitutional protections provided.

The Department of Justice ("DOJ"), through its subordinate Federal Bureau of Prisons ("FBOP"), has prosecuted an action of which the United States Attorney concedes with. This action adversely affects the manner in which the petitioner's sentence is being carried out. The power and authority of the court generally, under proper circumstances, judgments of a court of record are subject to be opened up, modified, corrected, set aside and vacated. The power of the court so to act has always been exercised in the judicial discretion of the court. Here, petitioner has invoked jurisdiction of the court to so act pursuant to a writ of habeas corpus under § § 2241 and 1331.[2]

## THE GOVERNMENT'S ATTEMPT TO RECHARATERIZE PETITIONER'S PLEADING INTO THAT OF AN ACTION UNDER § 2255 LACK MERIT

The matter of recharacterization of a pro se prisoner's pleading has been addressed on a number of occasions, by the Circuit Courts.[3] All of these courts have reasoned that a pro se petitioner "[h]aving dictated the terms of engagement was entitled to have his motion decided as he framed it."[4] Raineri v. United States, 233 F.3d 96 (1st Cir. 2000), confirmed that a conversion, initially justified because it harmlessly assisted the prisoner-movant in dealing with the legal technicalities, may result in a disastrous deprivation of a future opportunity to have a well-justified grievance adjudicated. The courts own act of conversion which was approved under the

---

[2] 28 U.S.C. § 2241 is the proper avenue, where petitioner has exhausted his administrative remedies, regarding actions of the prison system; thereby seeking the issuance of a writ of habeas corpus to correct said adverse action.
[3] See Pratt v. United States, 129 F.3d 54, 58 (1st Cir. 1997) (discussing statutory regime); United States v. Miller, 197 F.3d 644 (3rd Cir. 1999); United States v. Kelly, 235 F.3d 1238 (10th Cir. 2000); and Adams v. United States, 155 F.3d 582 (2nd Cir. 1998).
[4] Mr. Bey did not contest either the basis or the length of his confinement, but complained about the conditions of his confinement. Jurisdiction is also grounded in 28 U.S.C. § 1343(3).

2

pre AEDPA law because it was lawful and harmless, might under AEDPA's new law, become extraordinarily harmful to a prisoner's rights.

Under AEDPA, the practice of liberal characterization that once opened doors of the federal courts to pro se litigants, now threatens unintentionally to close them shut. Federal Courts have long recognized that they have an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework. This obligation stems from the time honored practice of construing pro se plaintiff's pleadings liberally.[5]

## ACTIONS OF THE FBOP PROVIDE A VIABLE FOUNDATION FOR PETITIONER'S LEGAL ENTITLEMENT CLAIM TO DUE PROCESS UNDER § 2241

The petitioner has argued that decisions contrary to assurances made by DOJ officials and adverse to his liberty interest, have justified the action currently before this court. Attached and incorporated by reference, is a documented record of "Custody Classification" events, which will affirmatively establish petitioner's claim to the FBOP assured entitlement. This argument is premised on the fact that petitioner was told verbally, and through writing,[6] that he would be able to earn custody level reductions for demonstrating a positive institution adjustment and rehabilitation, which would afford him eventual "camp" placement. To earn these reductions he would have to "comply with established program objectives by maintaining clear conduct; demonstrating a positive personal growth, by taking Adult Continuing Education courses; obtain good work performance ratings; and complete payment for his Court imposed Special Assessment, through the Financial Responsibility Program ("FRP").

---

[5] See Haines v. Kerner, 404 U.S. 519, 520 S.Ct. 594, 30 L.Ed 2d 652 (1972) ("[A]llegations such as those ascertained by petitioner, however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence").

[6] During mandatory "Unit-Team" classification meetings, documents were provided to Mr. Bey, which supports his belief in the earning of minimum custody ("camp") placement.

3

Upon completing the designation, and petitioner's transport to his parent institution (Federal Correctional Institution ("FCI") Ray Brook, New York), an initial custody classification was scored by the unit team. DOJ officials instructed petitioner, that he had been scored as a "High Security" level inmate, with 25 points,[7] and that FCI Ray Brook was a "Medium High" custody level prison.[8] At this time petitioner was instructed that his custody point would gradually be lowered, so that he could earn the minimum custody placement he desired.

Because of the High security level placed in him, the case manager instructed petitioner, that a "Management Variable" had to be placed on him in order to keep him at FCI Ray Brook, instead of transferring him to a maximum security penitentiary.[9] By carefully following the accompanying "Custody Classification" exhibits herewith, we can see that petitioner began with 25 custody level points (from July 1998 to July 1999). On or about July 31, 1999 petitioner's points were reduced to 21. On July 28, 2000, a "Program review" as well as subsequent ones, demonstrates that petitioner has maintained his program obligations. The portion entitled "Long Term Goals," supports petitioner's expectation of "reduced security level."

On or bout February 8, 2000, petitioner's custody points were reduced from 21 to 9, and the "Management variable" was removed. In fact, the work performance report from the prison

---

[7] An inmate's initial custody classification shall be scored at the first program review following initial classification (approximately 7 months after arrival at an institution). Subsequent reviews shall occur at least every 12 months, but may be conducted earlier in order to enable **progress toward community activities**. Custody classification shall ordinarily occur in conjunction with every second program review See [PS 5100.07 Ch.8, page 1]. (Emphasis mine)

[8] Security level used to describe the structural variables and inmate-to staff ratio provided at the various types of Bureau institutions (i.e., Minimum, Low, Medium, High). It also identifies the institution type required to house inmates based on their histories, institutional adjustment, and Public Safety Factors as well as the physical security of the institution to include mobile patrols, gun towers, perimeter barriers, housing, detection devices, inmate to staff ratio, and internal security. See [PS 5100.07 Ch. 2, page 5].

[9] Management variables reflect and support the professional judgment of Bureau staff to ensure the inmates placement in the most appropriate level institution. Management variables are required when placement has been made and/or maintained at an institution level inconsistent with inmates security score ..." See [PS 5100.07 Ch 2, page 3].

4

tool Room,[10] states petitioner was an "excellent worker." The "Long term section in this document also reflects "Reduce Custody/Security levels complete FRP obligation." On or about February 6, 2001, the custody points were reduced yet again, from 9 to 7 points, which scored petitioner as a "low security level inmate." This document additionally reflects an emphasized section that states " * you are now a low level inmate, will consider X-fer (Sic) to low level facility (Ft. Devens)." Petitioner was congratulated at this time by his unit team, for his efforts to reduce his custody level, and instructed that maintaining these efforts would eventually afford him camp placement.

After arriving at the Federal Medical Center ("FMC") Devens, in Ayer, Massachusetts, petitioner's custody level was reduced to 6 points, for demonstrating a continuing effort to maintain his program responsibilities. On September 10, 2002, a document was given to petitioner, informing him that he had met his FRP obligation to the court. On or between September 13, 2004, and February 2005, petitioner inquired as to why his custody level had not been further reduced. He was then instructed by his case manager, that his custody level will never go below 6 points, because of a Public Safety Factor Variable ("PSFV") Greater Severity placement, derived from the "enhancement for the Leader/Organizer role and drug amount attributed in the Presentence Investigation Report ("PSR").[11]

It is argued that constitutionally protected 'liberty interest" in custody and confinement classifications are created by regimes which in the effectively say: "If fact A, B, and C are established in an appropriate fact finding process, you are thereupon legally entitled to a more

---

[10] The institution tool room is where all of the mechanical service department's tools are kept and issued. An inmate must demonstrate trust, and be cleared by the Warden, Captain, Security Investigative Services (SIS) and his unit team.

[11] Mr. Bey was not aware of this change in his custody status determination until after the Memorandum of the DOJ, and the Supreme Court's decision in United States v. Booker, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed 2d 621 (2005).

5

favorable security custody classification than you presently have." See Slezak v. Evatt, 21 F.3d 590 (4th Cir. 1994). Its effect must be to "plac[e] substantive limitations on official discretion to "legitimate claim[s] of entitlement," to classification sought and administratively denied. [12] With this line of reasoning, petitioner can effectively demonstrate "legal entitlement" to due process, within the protectional guards of the United States Constitution, and "legal entitlement" to a standard of proof that maintains a constitutional degree of correctness is to be exercised by the FBOP, in determining the manner in which the sentence will be carried out. [13]

The written record attached herewith, aids petitioner's demonstration of the DOJ asserted entitlement. [14] Justification for the PSFV by the DOJ (FBOP and U.S. Attorney's Office), is said to be factored from the enhancement portion of the PSR, which it could reasonably be argued was invalidated by the Supreme Court with the Blakely/Booker, pronouncement. [15] If the Court as reasoned in Blakely/Booker, is without authority to impose the enhanced penalties in question, then arguably so, the same should hold true for the FBOP's acts subsequent to the imposition of the sentence, to apply additional enhanced penalties based on the very means. Especially after the DOJ acknowledgment of the implications of Booker, in its Memorandum dated December 3, 2004. [16]

Petitioner is exercising his right to take the appropriate action the Office of General Counsel of the DOJ has recommended. The DOJ has, and will continue to interpret the enhancement factors in the present PSR, to apply the PSFV against petitioner, up and until this

---

[12] Also See Lanier v. Fair, 876 F.2d 243 (1st Cir. 1989); and Brennan v. Cunningham, 813 F.2d 1 (1st Cir. 1987).
[13] Mr. Bey asserts that without the PSFV Greater Severity, his custody level points would be below 5 points (possibly 2 points at this time), based on what he was led to believe would bring him closer to progressing towards community based activities. See [PS 5100.07 Ch. 8, page 1 (1/31/2002)].
[14] The DOJ unit team removed this assurance and understanding in 2005, based upon its enhancement to "Leader/Organizer, and quantity of drugs listed in his PSR."
[15] Blakely v. Washington, 124 S. Ct. 2531 (2004); and United States v. Booker, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed 2d 621 (2005).
[16] See copy of Memorandum incorporated in the original § 2241 pleading.

6

honorable court moves to grant a resentencing. It is reasonably asserted that this pleading is properly before this Court to grant the relief under 28 U.S.C. § 2241.This would then afford the Probation Department the opportunity to make the appropriate corrections, in the interest of fairness and justice.[17]

## THE DEPARTMENT OF JUSTICE'S READING AND INTERPRETATION OF THE PSR WHICH JUSTIFIED THE PSFV OF GREATED SEVERITY IS IN ERROR AND RELIEF IS WARRENTED

Petitioner argues that DOJ officials have caused him to be denied a "liberty interest" concern, resulting from information inaccurately interpreted and derived from the PSR, or deemed unconstitutionally applied, in violation of the Sixth Amendment of the United States Constitution. At present, the PSR is being interpreted to the point where the DOJ has actually provided an incorrect reading of the "role in the offense" enhancements, by attributing the "Leader/Organizer" role, combined with conflicting drug amounts. [18] The operational classification regulations being exercised by the DOJ, through interpreting the PSR is void of the link between the substantive predicates and the mandatory constitutional application.

In addressing the policy statement changes, respondent concedes there were changes made, but ignores the full scope of the change in the manner of determining a PSFV for Greatest Severity. For example PS 5100.07 (9/3/1999) states in part:

> "Any drug offender whose current offense includes the following criteria shall be scored in the Greatest Severity category:
>
> The offender was part of an organizational network and he or she organized or maintained ownership interest/profits from large-scale drug activity,

---

[17] The Department of Justice Memorandum referenced herein, authorizes the relief requested by asserting: " ... **the Bureau does not have the authority to interpret the (Booker) opinion as it relates to your specific case. Again it will be up to you to petition the court that sentenced you ..."**

[18] The BP-9 Response by the Warden states: "According to your PSR, you were a leader in a drug network which was responsible for distributing 29.6 kilograms of cocaine." (Mr. Bey was not charged as a "leader" or with distribution in the PSR or indictment); BP-10 Response: "... You received a 3-level enhancement ..." (considering the leader role adjustment) and asserts 22.26 kilograms of cocaine; and BP-11 (same).

7

**\*\*\* AND \*\*\***

the drug amount equals or exceeds the amount below:
**Cocaine** greater than or equal to 10,000 gm, 10k, or 22 lb…"[19]

The change to the policy statement on January 31, 2002, took a completely different approach, at
the determining factor utilized to apply the PSFV for drug offenses.[20] This change clarifies
whom to consider in applying the PSFV for a "Drug Organizer/Leader."[21]

To further validate petitioner's argument as to the misapplication of the PSFV, we look
for support in the sentencing transcript section quoted by the respondent: [22]

" … I think it's quite appropriate as the probation officer concluded that the defendant
Bey operated at a lower level than Moore and Jubba and **should not be classified as a
manager,** but I find … he was deserving of the three-level enhancement as a **supervisor**
…" (Emphasis mine) [Sentencing Transcripts page 16, lines 5-15].

The accompanying page of the policy statement (PS 5100.07 Appendix G, page 2), conclusively
identifies who is "NOT AN ORGANIZER/LEADER." Petitioner was determined in the
transcripts to be a "supervisor" and fits in this category of the policy statement.[23] For this reason,
respondent's application of "Leader/Organizer" in attributing the PSFV becomes an additional
enhancement beyond the offense of conviction and sentence. This application could reasonably
be challenged as a viable claim of "actual innocence" to the DOJ enhancement, invoking due
process.[24]

---

[19] Only the drug type applicable to this case is quoted.

[20] See [PS 5100.07 CN-2 1/31/02, Appendix G, page 1].

[21] The 2002 PS instructs to: "Read the: 'Offense conduct' section of the PSI and any other available information to understand what the inmate did in the criminal activity. The functions are listed in descending order of SERIOUSNESS." There are preceding titles and descriptions that follow this application of the Greater Severity PSFV.

[22] See [Respondent's Opposition at 8]

[23] Mr. Bey does not waive his preserved argument and objection. to the improper enhancement penalties in these regards, which were required to have been determined beyond a reasonable doubt.

[24] See Little v. United States, 2002 WL 1424581 (D. Mass.) (Unpublished opinion).

8

The non-retroactive effect of <u>Booker</u>, as addressed by Respondent is of no concern, as this case challenges events subsequent to the conviction and sentence. For the sake of arguendo, it could be reasoned that although the Supreme Court made <u>Booker</u>, to "… apply today's holding … to all case on direct review," the section of that opinion which could reasonably be applied to the case at bar would be the pronouncement: "… with no exception for cases which the new rule constitutes a 'clear break' with the past.'" Quoting <u>Griffith v. Kentucky</u>, 479 U.S. 314, 328 (1987). This area of the <u>Booker</u> opinion, would lead one to reasonably infer to a situation as is presently before this court. This would be so, because a "clear break with the past" could be incorporated as a change in the FBOP's reading and adverse application of PSR enhanced factors, derived from its own December 3, 2004, Memorandum.

Finally, petitioner concedes he was sentenced under a mandatory guideline structure prior to the pronouncement in <u>Booker</u>. The challenge petitioner would raise in this sense, would be to respondent's argument: " … there is no indication that the Court would have sentenced Bey to a lesser term or would have declined to impose a role-in-the offense enhancement, had the court viewed the sentencing guidelines as advisory. See <u>United States v. Casas</u>, 425 F.3d 23, 59 (1st Cir. 2005)…"

Petitioner rebuts this presumption first, with the fact that the developed record conclusively demonstrates due diligence on petitioner's behalf, preserving the Sixth Amendment claim delineated in <u>Apprendi/Blakely/Booker</u>,[25] as respondent concedes. See [Opposition at 2]. Secondly, this Court's comments at sentencing, reflects that the court did not deem to have the authority to ignore the guidelines when it stated:

---

[25] During every stage of the proceedings (Sentencing, direct appeal, and § 2255), Mr. Bey argued pro se, that the enhancement factors imposed should have been determined beyond a reasonable doubt, in accordance with the Sixth Amendment pre <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000); <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004); and <u>United States v. Booker</u>, __ U.S. __ 125 S. Ct. 738, 160 L. Ed 2d 621 (2005).

9

> "... This is not an issue as to which this Court has any authority to disregard the guideline (mandatory scheme) system and the statutory provisions with respect to it ..." [Sent. Tr: page 35, lines 2-9]  (Emphasis added)

Also:  "... There may be differences of opinion about whether offenses of this category, drug offenses in particular, deserve the level of severity of treatment that Congress and the Guidelines Commission have determined, but those are issues to be decided in another forum, not an issue with respect to which it is appropriate for the Court to disregard the authoritive sources that it is obligated to follow in making the determination in cases before it ..."

It can appropriately be argued that this petitioner brings an action that affords this Court with the perfect "forum," to now voice its opinion, concerning implications of the argument before it, as well as addressing whether the court would have imposed a lesser sentence had it known the guidelines were advisory.[26] At present respondent cannot conclusively prove otherwise. As reasoned in Casas, this would justify further development of the issue upon the remand for resentencing under § 2241.

## CONCLUSION

The Supreme Court in Marbury v. Madison, 5 U.S. 137 (1803), questioned, "if a defendant has a right, and that right has been violated, do laws of this country afford him remedy?" [5 U.s. 137, 163]. It then went on to say:"The very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws, whenever he receives an injury." "While a lawmaker is entirely free to ignore ordinary meanings of words and make definitions of its own, that device may not be employed so as to change the nature of acts or things to which words are applied."

---

[26]See United States v. Antonakopoulos, 399 F.3d 68 (1st Cir. 2005); United States v. Crosby, 397 F.3d 103 (2nd Cir. 2005); and United States v. Ameline, 401 F.3d 1007 (9th Cir. 2005) (en banc).

To remedy the situation of the "substantive predicates" used to govern the DOJ's official decision making, from factors interpreted in the PSR, it is respectfully prayed this Court compel a result that requires any result reached through the PSR is contingent upon a finding that constitutionally applied predicates are met. The constitutional predicate, which compliance is sought, is through the Sixth Amendment protection, a protection that culpability for subsequent sentencing enhancements be found at no lesser standard than required of the courts, to avoid a complete miscarriage of justice.

## EPILOGUE

Petitioner has learned a valuable lesson throughout this ordeal, and that is to stay focused on making a positive and legal contribution to his family and in society. Concerning the "entitlement" argument raised herein, petitioner focuses on the fact that he was given assurances by DOJ officials, that he could, and would earn "minimum custody (camp) placement." On this he gave a promise and his word to his children, that he would do all that he could to earn the assured camp placement, where a possibility exists that they could walk outside together, laugh together and cry together. This would in essence remove the effect of family visiting him in an environment, where they saw and heard the harsh conditions of "gun towers"; huge metal doors and bars being slammed shut behind them; as well as everything else associated with High, Medium, or Low custody.

The tragedy of this injustice is amplified by the sobering realization that the only thing petitioner has left, after serving almost 10 years in federal custody, are his promises and his word to his children. Now, he has been placed in a position where he may disappoint his family once again. There are some instances where a person demonstrates, he may be worthy of a second chance, whereas other prisoners are comfortable with their lives in the current polluted

11

environment. The second chance petitioner is requesting, is the opportunity to be heard completely and fairly in this pleading, so that in the end, he will be able to show his family that he had done his very best to keep that promise.

Sincerely and Respectfully,

Joseph Bey, Jr., Pro se.
No. 21146-038
F.M.C. Devens, Box 879
Ayer, MA. 01432

## CERTIFICATE OF SERVICE

I Joseph Bey, Jr. do hereby affirm and attest that I have mailed a copy of the attached motion to the office of the Respondent/Defendant's legal counsel at the Office of the U.S. Attorney One Courthouse Way Boston, Ma. 02210, by first class pre paid mail, on this 30th[th] day of November 2005. Signed pursuant to the provisions of 28 U.S.C. § 1746.

Joseph Bey, Jr., Pro se.
No. 21146-038
F.M.C. Devens Box 879
Ayer, MA. 01432

Cc: JBJ/pet
   TN/Attorney
   DOJ/AUSA

12

PS 5100.07
9/3/99
Appendix B, Page 1

**OFFENSE SEVERITY SCALE**

GREATEST SEVERITY

**Aircraft Piracy** - placing plane or passengers in danger
**Arson** - substantial risk of death or bodily injury
**Assault** - serious bodily injury intended or permanent or
    life threatening bodily injury resulting)
**Car Jacking** - any
**Drug Offense** - see criteria below*
**Escape** - closed institution, secure custody, force or
    weapons used
**Espionage** - treason, sabotage, or related offenses
**Explosives** - risk of death or bodily injury
**Extortion** - weapon or threat of violence
**Homicide or Voluntary Manslaughter** - any
**Kidnaping** - abduction, unlawful restraint, demanding or
    receiving ransom money
**Robbery** - any
**Sexual offenses** - rape, sodomy, incest, carnal knowledge,
    transportation with coercion or force for commercial
    purposes
**Toxic Substances/Chemicals:** - weapon to endanger human life
**Weapons** - distribution of automatic weapons, exporting
    sophisticated weaponry, brandishing or threatening use of
    a weapon

\*      Any **drug offender** whose current offense includes the following
       criteria shall be scored in the Greatest severity category:

       The offender was part of an organizational network and he or she
       organized or maintained ownership interest/profits from **large-scale**
       drug activity,

                                **\*\*\*AND\*\*\***

       the drug amount equals or exceeds the amount below:

       **Cocaine -** greater than or equal to 10,000 gm, 10 K, or  22 lb
       **Cocaine Base "Crack" -** greater than or equal to 31 gm
       **Hashish** - greater than or equal to 250,000 gm, 250 K, or 551 lb
       **Marijuana -** greater than or equal to 620,000 gm, 620 K, or 1,367 lb
       **PCP -** greater than or equal to 100,000 mg, 100 gm, or 20,000 dosage
       units
       **Heroin or Opiates -** greater than or equal to 2,000 gm, 2 K, or 4.4 lb
       **Methamphetamine -** greater than or equal to 16,000 gm, 17 K, or 35 lbs
       **Other illicit drugs:** - Amphetamine, Barbiturates, LSD, etc. greater
       than or equal to 250,000 dosage units

**DISCONTINUED PUBLIC SAFETY FACTORS**

D      Firearms
E      High Drug
J      Designation Assessment

**REQUEST FOR PUBLIC SAFETY FACTOR WAIVER.**  Only the Regional
Director or designee is authorized to waive a PSF.  A request for
waiver of a PSF shall be submitted to the Regional Office via
GroupWise form EMS 409, available on BOPDOCS.  The form shall be
completed as described below:

    (1)  This item should indicate the request is for waiver of
a Public Safety Factor.

    (2)  This item should indicate whether the inmate agrees
with the recommended team action.  If appropriate, an explanation
should be provided.

    (3)  This item should include current, complete, and
accurate information concerning any medical problems the inmate
is experiencing.

    (4)  This item should include a brief description of the
inmate's adjustment during this period of incarceration.

    (5)  This item should provide disciplinary information
including all actions reflected on the current Custody
Classification Form (BP-338).  Significant histories should be
summarized.

    (6)  It is important that the rationale include complete and
specific information providing justification to support the
requested action.

    (7)  Indicate whether or not the inmate is eligible for a
parole hearing.  If yes, indicate the date of the hearing.

PS 5100.07
CN-2 1/31/2002
Appendix G, Page 1

## DRUG ORGANIZER/LEADER
## EXPLANATION OF FUNCTION DEFINITIONS

Read the
"Offense Conduct" section of the PSI and any other available
information to understand what the inmate did in the criminal
activity.   The functions are listed in descending order of
SERIOUSNESS.

## DRUG ORGANIZER/LEADER

**Importer/High-Level Supplier:** imports or otherwise supplies large
quantities of drugs; is at or near the top of the distribution
chain; has ownership interest in drugs (not merely transporting
drugs for another individual); usually supplies drugs to other
drug distributors and does not deal in retail amounts; may employ
no or very few subordinates.

**Organizer/Leader:** organizes, leads, directs, or otherwise runs a
drug distribution organization.  Receives the largest share of
the profits and has the greatest decision-making authority.

**Grower/Manufacturer:** grows, cultivates, or manufactures a
controlled substance, and is the principal owner of the drugs.
(Keep in mind, the intent of this definition is to capture the
individual who has the capability to manufacture enormous amounts
of drugs in his garage/lab for example, and not the individual
who is growing only five marijuana plants in his basement.)

**Financier/Money Launderer:** provides money for purchase,
importation, manufacture, cultivation, transportation, or
distribution of drugs; launders proceeds of drug sales or
purchases.

**Aircraft Pilot/Vessel Captain:** pilots vessel or aircraft;
requires special skill; does not include inmate who is the only
participant directing a small boat (i.e., a speed boat) onto
which drugs had been loaded from a "mother ship" (such person is
a courier).

## NOT A DRUG ORGANIZER/LEADER

**Manager:** serves as a lieutenant to assist one of the above; manages all or a significant portion of the manufacturing, importation, or distribution operation; takes instructions from one of the above and conveys to subordinates; directly supervises at least one other co-participant in an organization of at least five co-participants.

**Bodyguard/Strongman/Debt Collector:** provides physical and personal security for another co-participant in the offense; collects debts owed, or punishes recalcitrant persons.

**Chemists/Cooks/Chemical Supplier:** produces LSD, methamphetamine, crack cocaine, or other illegal drugs, but does not qualify as a Grower/Manufacturer because he/she is not the principal owner of the drugs.  Chemical supplier does not handle drugs themselves but engages in the unlawful diversion, sale, or furnishing of listed chemicals or equipment used in the synthesis or manufacturing of controlled substances.

**Supervisor:** supervises at least one other co-participant, however, has limited authority and does not qualify as a Manager.

**Street-Level Dealer:** distributes retail quantities directly to the user.

**Broker/Steerer/Go-Between:** arranges for two parties to buy/sell drugs, or directs potential buyer to a potential seller.

**Courier:** transports or carries drugs with the assistance of a vehicle or other equipment.  Includes situations where inmate, who is otherwise considered to be a crew member, is the only participant directing a vessel (e.g., a speed boat) onto which drugs had been loaded from a "mother ship".

**Mule:** transports or carries drugs internally or on their person, often by airplane, or by walking across a boarder.  Also includes an inmate who only transports or carries drugs in baggage, souvenirs, clothing, or otherwise.

**Renter/Storer:** provides (for profit/compensation) own residence, structures (barns, storage bins, buildings), land, or equipment for use to further the offense.  This inmate is distinguished from the enabler because he/she is paid (in some way) for his/her services.

**Money runner:** transports/carries money and/or drugs to and from the street-level dealer.

**Off-loader/Loader:** performs the physical labor required to put large quantities of drugs into storage, hiding, or onto some mode of transportation.

**Gopher/Lookout/Deckhand/Worker/Employee:** performs very limited, low-level function in the offense (whether or not ongoing); includes running errands, answering the telephone, receiving packages, packaging the drugs, manual labor, acting as lookout to provide early warnings during meetings, exchanges, or off-loading, or acting as deckhand/crew member on vessel or aircraft used to transport large quantities of drugs.

**Enabler** (Passive): plays no more than a passive role in the offense, knowingly permitting a certain unlawful criminal activity to take place without actually being involved with the activity; may be coerced or unduly influenced to play such a function (e.g., a parent or grandparent threatened with displacement from a home unless they permit the activity to take place), or may do so as "a favor" (without compensation).

**User Only:** possessed small amount of drugs apparently for personal use only; no apparent function in any conspiratorial criminal activity.

**Wholesaler:** sells more than retail/user-level quantities (greater than one ounce) in a single transaction.

```
      REGNO: 21146-038              FORM DATE: 02-09-1999        ORG: RBK
(A) NAME....: BEY                   JOSEPH      B
SEN LIMT....: NONE                  MGMT VARIABLE..: LT SECU
PUB SAFETY..: GRT SVRTY,SENT LGTH       MV EXPIRE: 06-08-1999


(B) DETAINER: (0) NONE              SEVERITY.......: (7) GREATEST
LENGTH......: (5) 84 PLUS MOS (MONTHS): 239
PRIOR.......: (3) SERIOUS           ESCAPES........: (0) NONE
VIOLENCE....: (4) > 15 YRS SERIOUS  PRECOMMT STATUS: (0) N/A



(C) TIME SERVED.....: (3) 0-25%     DRUG/ALC INVOLV: (2) PAST 5 YRS
MENT/PSYCH STABILITY: (4) FAVORABLE  TYPE DISCIP RPT: (5) NONE
FREQ DISCIP REPORT..: (3) NONE       RESPONSIBILITY.: (4) GOOD
FAMILY/COMMUN TIES..: (4) GOOD


======================== LEVEL AND CUSTODY SUMMARY  ========================
BASE SCORE  CUST SCORE  VARIANCE  SEC TOTAL  SEC LEVEL  CUSTODY   CONSIDER
   +19         +25         0         +19       HIGH       IN       SAME

(D) TYPE REVIEW    NEW CUSTODY   APPROVED:___YES___NO  NEXT REVIEW: 6-99
___ REGULAR          ___MAX
___ EXCEPTION        ___IN     CHAIRPERSON SIGNATURE....:
                     ___OUT    WARDEN/DESIGNEE SIGNATURE
                     ___COM       FOR EXCEPTION REVIEW:
```

REASON(S) FOR NOT FOLLOWING FORM'S RECOMMENDATION:




COPY: CENTRAL FILE, SECTION TWO
      INMATE


G0005        TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED

```
  RBKMJ  607.00 *        CUSTODY CLASSIFICATION FORM          *      07-31-1999
PAGE 001 OF 001                                                      08:54:37

     REGNO: 21146-038                     FORM DATE: 07-31-1999           ORG: RBK
(A) NAME....: BEY                         JOSEPH      B
SEN LIMT....: NONE                        MGMT VARIABLE..: LT SECU
PUB SAFETY..: GRT SVRTY,SENT LGTH             MV EXPIRE: 07-21-2000


(B) DETAINER: (0) NONE                    SEVERITY.......: (7) GREATEST
LENGTH......: (5) 84 PLUS MOS (MONTHS): 239
PRIOR.......: (3) SERIOUS                 ESCAPES........: (0) NONE
VIOLENCE....: (4) > 15 YRS SERIOUS        PRECOMMT STATUS: (0) N/A


(C) TIME SERVED.....: (3) 0-25%           DRUG/ALC INVOLV: (2) PAST 5 YRS
MENT/PSYCH STABILITY: (4) FAVORABLE       TYPE DISCIP RPT: (4) 1 LOW MOD
FREQ DISCIP REPORT..: (2) 1               RESPONSIBILITY.: (2) AVERAGE
FAMILY/COMMUN TIES..: (4) GOOD


====================== LEVEL AND CUSTODY SUMMARY  =========================
BASE SCORE   CUST SCORE   VARIANCE   SEC TOTAL   SEC LEVEL   CUSTODY   CONSIDER
  +19          +21          0          +19        HIGH         IN       SAME

(D) TYPE REVIEW    NEW CUSTODY   APPROVED:___YES___NO   NEXT REVIEW:
    __REGULAR         __MAX
    X EXCEPTION       __IN      CHAIRPERSON SIGNATURE....:
                      __OUT     WARDEN/DESIGNEE SIGNATURE
                      __COM          FOR EXCEPTION REVIEW:
```

REASON(S) FOR NOT FOLLOWING FORM'S RECOMMENDATION:

COPY: CENTRAL FILE, SECTION TWO
      INMATE

G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED

RBKMJ                    *        PROGRAM REVIEW REPORT              *        01-28-2000
PAGE 002                                                                     13:25:58

CCC RECOMMENDATION: Will Consider if eligible when 1yr. from release.

PROGRESS MADE SINCE LAST REVIEW: Maintained Clear conduct, good work reports, Completed Standard of living. Participating in FRP.

GOALS FOR NEXT PROGRAM REVIEW MEETING: Maintain Clear conduct. Good work reports and good sanitation. Continue to participate in Counseling programs. Continue to Participate in FRP.

LONG TERM GOALS: Reduce Security level, establish a solid release plan which includes a firm offer of residence or employment. Determine if relocation will be necessary (Colorado). Save a substantial amount of $ for release.

OTHER INMATE REQUESTS/TEAM ACTIONS: _____

RBKMJ  607.00 *     MALE CUSTODY CLASSIFICATION FORM     *     02-08-2000
PAGE 001 OF 001                                                13:52:42

       REGNO: 21146-038                 FORM DATE: 02-08-2000        ORG: RBK
(A) NAME....: BEY                       JOSEPH        B
DES FACL/LEV: RBK        /MEDIUM        MGTV: NONE
PUBSFTY: GRT SVRTY,SENT LGTH            MVED:


(B) DETAINER: (0) NONE                  SEVERITY.......: (7) GREATEST
MOS REL.....: 238
PRIOR.......: (0) NONE                  ESCAPES........: (0) NONE
VIOLENCE....: (2) > 15 YRS SERIOUS      PRECOMMT STATUS: (0) N/A


(C) TIME SERVED.....: (3) 0-25%         DRUG/ALC ABUSE.: (3) > 5 YRS
MENT/PSYCH STABILITY: (4) FAVORABLE     TYPE DISCIP RPT: (4) 1 LOW MOD
FREQ DISCIP REPORT..: (2) 1             RESPONSIBILITY.: (2) AVERAGE
FAMILY/COMMUN TIES..: (4) GOOD


=========================== LEVEL AND CUSTODY SUMMARY  ===========================
BASE   CUST   VARIANCE   SEC TOTAL   SCORED LEV MGMT SEC LEVEL   CUSTODY  CONSIDER
+9     +22      0          +9        MEDIUM       N/A              IN      SAME
(D) TYPE REVIEW     NEW CUSTODY    APPROVED:___YES___NO  NEXT REVIEW: 2-2001
       REGULAR          MAX
       EXCEPTION        IN          CHAIRPERSON SIGNATURE....: CSullivan CSr
                        OUT         WARDEN/DESIGNEE SIGNATURE
                        COM            FOR EXCEPTION REVIEW: _____

REASON(S) FOR NOT FOLLOWING FORM'S RECOMMENDATION:




COPY: CENTRAL FILE, SECTION TWO
      INMATE


G0005       TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED

```
   RBKMJ            *          PROGRAM REVIEW REPORT          *      08-05-2000
   PAGE 001                                                          09:10:10

   INSTITUTION: RBK  RAY BROOK  FCI

   NAME.......: BEY, JOSEPH B                       REG. NO: 21146-038
   RESIDENCE..: HYANNIS, MA 02601

   TYPE OF REVIEW......: INITIAL CLASSIFICATION  PROGRAM REVIEW
   NEXT REVIEW DATE....:    2-2001

   PROJ. RELEASE DATE..: 12-29-2019          RELEASE METHOD.: GCT REL
   PAROLE HEARING DATE.: NONE                HEARING TYPE...: NONE

   DATE OF NEXT CUSTODY REVIEW:   2-2001       DETAINERS (Y/N)  N

   CIM STATUS (Y/N)....  Y            IF YES, RECONCILED (Y/N):  OK

   PENDING CHARGES.....:    None known

   OFFENDER IS SUBJECT TO NOTIFICATION UNDER 18 U.S.C. 4042(B)  (Y/N)....:  PV CD

   CATEGORY       - - - - - -   CURRENT ASSIGNMENT - - - - - - - -   EFF DATE    TIME

   CMA         PROG RPT      NEXT PROGRESS REPORT DUE DATE      07-21-2001   1556
   CMA         RPP NEEDS     RELEASE PREP PGM NEEDS             12-29-2017   1559
   CMA         V94 CDA913    V94 CURR DRG TRAF ON/AFT 91394     08-07-1998   1556
   CMA         V94 PV        V94 PAST VIOLENCE                  08-07-1998   1556
   CUS         IN            IN CUSTODY                         06-08-1998   1010
   DRG         DRG E COMP    DRUG EDUCATION COMPLETED           03-30-1999   1028
   DRG         DRG I NONE    NO DRUG INTERVIEW REQUIRED         08-07-1998   1555
   EDI         ESL HAS       ENGLISH PROFICIENT                 07-16-1998   1515
   EDI         GED HAS       COMPLETED GED OR HS DIPLOMA        03-11-1999   0001
   FRP         PART          FINANC RESP-PARTICIPATES           08-10-1998   1400
   LEV         MEDIUM        SECURITY CLASSIFICATION MEDIUM     01-28-2000   1324
   MDS         REG DUTY      NO MEDICAL RESTR--REGULAR DUTY     08-05-1998   1606
   MDS         YES F/S       CLEARED FOR FOOD SERVICE           07-29-1998   0001
   QTR         G07-250U      HOUSE G/RANGE 07/BED 250U          02-16-2000   1008
   RLG         OTHER         OTHER RELIGION                     01-28-2000   1329
   WRK         TOOL ROOM     TOOL ROOM                          12-22-1999   0001
```

WORK PERFORMANCE RATING: _Tool room - excellent work reports - demonstrates good responsibility. Code 1._

INCIDENT REPORTS SINCE LAST PROGRAM REVIEW: _(Proc. conduct 6-99 (400 level incident report for Poss. Insuthing'd Property)_

FRP PLAN/PROGRESS: _Participates on a $25/QTR schedule - Counseled for missing payments $275 Bal/400._

RELEASE PREPARATION PARTICIPATION: _follows plans are ensure. idos 5-years of S.R. in Dist. of Mass._

```
RBKMJ              *       PROGRAM REVIEW REPORT        *      08-05-2000
PAGE 002                                                      09:10:10
```

CCC RECOMMENDATION: _Will discuss when approx 12 months from release._

PROGRESS MADE SINCE LAST REVIEW: _Maintained Clear conduct, good work reports and made FRP payments_

GOALS FOR NEXT PROGRAM REVIEW MEETING: _You have not participated in any program this past 6 months. Recommend Business Program (Mr. Stone) begin by October 2000 and Complete by December 30, 2000. Also consider Workplace Basics Pgm. Begin by Oct 1, Complete by Dec 1, 2000. Mainta. Clear conduct, good work reports and continue to participate in FRP._

LONG TERM GOALS: _Reduce Custody/Security levels, complete FRP obligations and establish a solid release plan. You should complete a release program prior to release and save $. Attempt to secure a halfway house prior to release._

OTHER INMATE REQUESTS/TEAM ACTIONS: _You are subject to the VCCLEA notification based on your current Federal Drug Trafficking crime and prior conviction of a Crime of violence._

```
  RBKMJ  607.00 *      MALE CUSTODY CLASSIFICATION FORM      *      02-06-2001
PAGE 001 OF 001                                                     09:05:58

       REGNO: 21146-038              FORM DATE: 02-06-2001            ORG: RBK
(A) NAME....: BEY                    JOSEPH      B
DES FACL/LEV: RBK       /MEDIUM      MGTV: NONE
PUBSFTY: GRT SVRTY, SENT LGTH        MVED:


(B) DETAINER: (0) NONE               SEVERITY.......: (7) GREATEST
MOS REL.....: 226
PRIOR.......: (0) NONE               ESCAPES........: (0) NONE
VIOLENCE....: (2) > 15 YRS SERIOUS   PRECOMMT STATUS: (0) N/A



(C) TIME SERVED.....: (3) 0-25%      DRUG/ALC ABUSE.: (3) > 5 YRS
MENT/PSYCH STABILITY: (4) FAVORABLE  TYPE DISCIP RPT: (5) NONE
FREQ DISCIP REPORT..: (3) NONE       RESPONSIBILITY.: (4) GOOD
FAMILY/COMMUN TIES..: (4) GOOD


========================== LEVEL AND CUSTODY SUMMARY ==========================
BASE   CUST   VARIANCE  SEC TOTAL  SCORED LEV MGMT SEC LEVEL   CUSTODY   CONSIDER
 +9    +26     -2       +7    LOW        N/A                     IN      DECREASE

(D) TYPE REVIEW    NEW CUSTODY   APPROVED:____YES __NO  NEXT REVIEW: 2-6-02
     REGULAR         MAX
     EXCEPTION       IN       CHAIRPERSON SIGNATURE....:
                     OUT      WARDEN/DESIGNEE SIGNATURE
                     COM        FOR EXCEPTION REVIEW:
```

REASON(S) FOR NOT FOLLOWING FORM'S RECOMMENDATION: Due to history of Serious violence, Sentence Length and GS PSF, Out custody is not appropriate at this time.

```
COPY: CENTRAL FILE, SECTION TWO
      INMATE


G5149      INMATE/DESIG FACL LEVEL MISMATCHED, HAVE REGION ADD A MGTV
G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

```
   RBKMJ            *              PROGRAM REVIEW REPORT              *     02-06-2001
   PAGE 001                                                                09:06:26

   INSTITUTION: RBK  RAY BROOK  FCI

   NAME.......: BEY, JOSEPH B                             REG. NO: 21146-038
   RESIDENCE..: HYANNIS, MA 02601

   TYPE OF REVIEW......: INITIAL CLASSIFICATION/PROGRAM REVIEW
   NEXT REVIEW DATE....: ___8 - 6 - 0 (___

   PROJ. RELEASE DATE..: 12-29-2019         RELEASE METHOD.: GCT REL
   PAROLE HEARING DATE.: NONE               HEARING TYPE...: NONE

   DATE OF NEXT CUSTODY REVIEW: 2- 6 - 02      DETAINERS (Y/N) N

   CIM STATUS (Y/N).... Y              IF YES, RECONCILED (Y/N): ___

   PENDING CHARGES.....: ___Unknown___

   OFFENDER IS SUBJECT TO NOTIFICATION UNDER 18 U.S.C. 4042(B) (Y/N)....: PV C
      IF YES - CIRCLE ONE - DRUG TRAFFICKING/CURRENT VIOLENCE/PAST VIOLENCE

   CATEGORY      - - - - - - - CURRENT ASSIGNMENT - - - - - - - -  EFF DATE    TIME

   CMA           PROG RPT       NEXT PROGRESS REPORT DUE DATE      07-21-2001  1556
   CMA           RPP NEEDS      RELEASE PREP PGM NEEDS             12-29-2017  1559
   CMA           V94 CDA913     V94 CURR DRG TRAF ON/AFT 91394     08-07-1998  1556
   CMA           V94 PV         V94 PAST VIOLENCE                  08-07-1998  1556
   CUS           IN             IN CUSTODY                         06-08-1998  1010
   DRG           DRG E COMP     DRUG EDUCATION COMPLETED           03-30-1999  1028
   DRG           DRG I NONE     NO DRUG INTERVIEW REQUIRED         08-07-1998  1555
   EDI           ESL HAS        ENGLISH PROFICIENT                 07-16-1998  1515
   EDI           GED HAS        COMPLETED GED OR HS DIPLOMA        03-11-1999  0001
   FRP           PART           FINANC RESP-PARTICIPATES           08-10-1998  1400
   LEV           LOW            SECURITY CLASSIFICATION LOW        02-06-2001  0905
   MDS           REG DUTY       NO MEDICAL RESTR--REGULAR DUTY     08-05-1998  1606
   MDS           YES F/S        CLEARED FOR FOOD SERVICE           07-29-1998  0001
   QTR           G07-250L       HOUSE G/RANGE 07/BED 250L          10-02-2000  1117
   RLG           OTHER          OTHER RELIGION                     01-28-2000  1329
   WRK           TOOL ROOM      TOOL ROOM                          12-22-1999  0001
```

WORK PERFORMANCE RATING: Tool Room Ork. Mr. Soylis tou of Work Orea determined excellent Worker

INCIDENT REPORTS SINCE LAST PROGRAM REVIEW: Clear Conduct Since 6-99.

FRP PLAN/PROGRESS: Porticipale 25/month on 900 Cancerent Balance = $175

RELEASE PREPARATION PARTICIPATION: Will begin 12-27-2007.

RBKMJ            *         PROGRAM REVIEW REPORT        *        02-06-2001
PAGE 002                                                        09:06:26

CCC RECOMMENDATION: _Will Discuss when 11-13 month_
_from Release._

PROGRESS MADE SINCE LAST REVIEW: _Clear conduct. Excellent_
_Work reports and Enrolled in NFPT._

GOALS FOR NEXT PROGRAM REVIEW MEETING: _Continue to participate_
_in NFPT - Complete by July 1, 2001._
_& Save $25/month to send home - Child support_

LONG TERM GOALS: _Persue Distance Education Pgms_
_in Business Law._

OTHER INMATE REQUESTS/TEAM ACTIONS: _Subject to UCC LEA_
_notification requirements._

_& You are now a Low Level Inmate;_
_Will Consider X-fer to low level_
_facility (Ft. Devens)._

```
   DEVBA  607.00 *      MALE CUSTODY CLASSIFICATION FORM      *    06-21-2001
PAGE 001 OF 001                                                    15:24:26

    REGNO: 21146-038                  FORM DATE: 06-21-2001         ORG: DEV
(A) NAME....: BEY                     JOSEPH    B
DES FACL/LEV: DEV LOW   /LOW          MGTV: NONE
PUBSFTY: GRT SVRTY,SENT LGTH          MVED:


(B) DETAINER: (0) NONE                SEVERITY........: (7) GREATEST
MOS REL.....: 222
PRIOR.......: (0) NONE                ESCAPES.........: (0) NONE
VIOLENCE....: (2) > 15 YRS SERIOUS    PRECOMMT STATUS: (0) N/A



(C) TIME SERVED.....: (4) 26-75%      DRUG/ALC ABUSE.: (3) > 5 YRS
MENT/PSYCH STABILITY: (4) FAVORABLE   TYPE DISCIP RPT: (5) NONE
FREQ DISCIP REPORT..: (3) NONE        RESPONSIBILITY.: (4) GOOD
FAMILY/COMMUN TIES..: (4) GOOD


========================= LEVEL AND CUSTODY SUMMARY  ======================
BASE  CUST  VARIANCE  SEC TOTAL   SCORED LEV MGMT SEC LEVEL  CUSTODY  CONSIDER
 +9   +27    -3        +6   LOW      N/A                        IN.    DECREASE

(D) TYPE REVIEW    NEW CUSTODY   APPROVED:___ YES ✓ NO  NEXT REVIEW: 6/21/2002
     REGULAR         ___MAX
     ✓EXCEPTION      ✓IN     CHAIRPERSON SIGNATURE.... [signature]
                    ___OUT   WARDEN/DESIGNEE SIGNATURE
                    ___COM       FOR EXCEPTION REVIEW: _____

REASON(S) FOR NOT FOLLOWING FORM'S RECOMMENDATION:
```

*A reduction in custody is not warranted at this time due to Mr. Bey's PSF of Greatest Severity & Sentence Length. Additionally, Mr. Bey has 222 months remaining to serve.*

```
COPY: CENTRAL FILE, SECTION TWO
      INMATE


G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

REGNO: 21146-038 LNAME: BEY                      OBLG NO: 1      FUNC: DIS
FIN DOC NO: 1     FRP ASGN: PART                         CAUSE OF ACTION: XCVF
TYPE OBLG.: ASSESSMENT USDC
COJ/COJ OV: FMA       DOCKET NO: 1:96CR10178-003    DATE IMPOSED.: 03-11-1998
AMT IMP...: 400.00                                 WHEN PAYABLE.: IMMEDIATE
USAO NO...:                                        OBLG STATUS..: COMPLETEDZ
FIXED PAYMENT AMT............:
CALCULATED EXPIRATION DATE...: 03-11-2003   MANUAL EXPIRATION DATE:
FINANCIAL LITIGATION UNIT ADDRESS:
  ONE COURTHOUSE WAY
  U.S. COURTHOUSE SUITE 9200
  BOSTON MA 02210
  COMM NO: AREA: 617 NO: 748-3309  EXT:
  FTS  NO: AREA:     NO:         EXT:      FAX NO: AREA: 617 NO: 748-3972

TOTPAY(-): 400.00        TOTREF(+): 0.00        TOTCOR(+): 0.00
OBLG BALANCE..: 0.00           DT LAST PAYMENT.: 09-06-2002
DT LAST REFUND:                DT FINAL PAYMENT: 09-06-2002
DT OBLG ADDED.: 07-30-1998     DT LAST UPDATED.: 09-06-2002   USERID: AUTODED

G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED

                              (A) IDENTIFYING DATA
  REG NO..: 21146-038                FORM DATE: 09-13-2004              ORG: DEV
  NAME....: BEY, JOSEPH B                                          CR HX PT: 5
                                            MGTV: NONE
  PUB SFTY: GRT SVRTY,SENT LGTH            MVED:
                              (B) BASE SCORING
  DETAINER: (0) NONE                  SEVERITY.......: (7) GREATEST
  MOS REL.: 183                       PRIOR..........: (0) NONE
  ESCAPES.: (0) NONE                  VIOLENCE.......: (2) > 15 YRS SERIOUS
  PRECOMMT: (0) N/A
                              (C) CUSTODY SCORING
  TIME SERVED.....: (4) 26-75%        DRUG/ALC ABUSE.: (3) > 5 YRS
  MENTAL STABILITY: (4) FAVORABLE     TYPE DISCIP RPT: (5) NONE
  FREQ DISCIP RPT.: (3) NONE          RESPONSIBILITY.: (4) GOOD
  FAMILY/COMMUN...: (4) GOOD

                       --- LEVEL AND CUSTODY SUMMARY ---
  BASE CUST VARIANCE  SEC TOTAL   SCORED LEV MGMT SEC LEVEL   CUSTODY  CONSIDER
  +9   +27    -3        +6        LOW          N/A              IN     DECREASE


  G0005        TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED