UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                   )
                                   )
JOSEPH BEY, JR.,                   )
    Petitioner                     )
                                   )
                                   )   CIVIL ACTION
  v.                               )   NO. 05-11757-REK
                                   )
UNITED STATES DEPARTMENT           )
OF JUSTICE,                        )
    Respondent                     )
                                   )
_____)

**Memorandum and Order**
January 25, 2006

### I. Pending Matters

Pending for decision are matters related to the following filing:

(1) Petitioner's Motion to Correct And Or Modify the Judgment of Conviction and Sentence Pursuant to 28 U.S.C. § 2241 (Docket No. 1, filed August 26, 2005).

### II. Factual and Procedural Background

On November 20, 1997, after a seventeen-day jury trial, petitioner was convicted of conspiracy to import cocaine, attempt to import cocaine, and importation of cocaine. Petitioner's Presentence Report ("PSR") stated that he was responsible for dealing in 29.6 kilograms of cocaine, and his offense level was adjusted upward under the Sentencing Guidelines for obstruction of justice and for his role in supervising others in a criminal enterprise. These upward adjustments set his sentencing range at 324 to 405 months, and, on March 11, 1998, I

sentenced petitioner to a term of 324 months imprisonment to be followed by five years of supervised release. Petitioner appealed this sentence, and the Court of Appeals for the First Circuit affirmed his conviction and sentence on August 12, 1999. On September 20, 2000, petitioner filed a motion to vacate, set aside, or correct conviction and sentence pursuant to 28 U.S.C. § 2255. I dismissed this motion with prejudice on August 20, 2001. On September 4, 2001, petitioner then filed a motion for reconsideration. I denied this motion on November 6, 2001. On August 26, 2005, petitioner filed a motion pursuant to 28 U.S.C. § 2241 that is now before me.

### III. Analysis

Petitioner requests this court to vacate his sentence because he alleges that the Federal Bureau of Prisons' ("BOP") use of the grounds for upward adjustment in petitioner's PSR to limit petitioner's reduction in custody level points warrants a resentencing. Petitioner is currently incarcerated in FMC Devens, an administrative facility in Massachusetts. The BOP provides for the custody classification of inmates, whereby inmates are assigned levels according to their criminal histories and institutional behavior. See Security Designation and Custody Classification Manual, Bureau of Prisons Policy Statement 5100.07 ("PS 5100.07"), ch. 8, p. 1. Among the many factors considered by the BOP in assigning a custody level to an inmate are what the BOP terms Public Safety Factors ("PSFs"). See id. at ch. 8, p. 2. The BOP's definition of PSF in its Security Designation and Custody Classification Manual ("SDCCM") states:

> There are certain demonstrated behaviors which require increased
> security measures to ensure the protection of society. There are nine
> Public Safety Factors (PSFs) which are applied to inmates who are
> not appropriate for placement at an institution which would permit

>   inmate access to the community (i.e., MINIMUM security). The
>   application of a PSF overrides security point scores to ensure the
>   appropriate security level is assigned to an inmate, based on his or her
>   demonstrated current or prior behavior.

Id. at ch. 2, p. 5. The BOP assigned petitioner a PSF of "Greatest Severity," which is assigned to any drug offender whose drug amount equals or exceeds 10 kilograms, "was part of an organizational network," and who "organized or maintained ownership interest/profits from **large-scale** drug activity." Id. at Appendix B, p. 1 (emphasis in the original). Petitioner alleges that this variable prevents his custody level from ever reaching the level at which he could eventually be placed in a minimum custody environment, otherwise known as a Federal Prison Camp, and he thus requests that the court resentence him so that he can receive a lower custody classification.

Petitioner brings this action pursuant to 28 U.S.C. § 2241, which authorizes federal courts to grant a writ of habeas corpus to prisoners in custody. Section 2241 typically only applies to a prisoner's challenge to the execution of his or her sentence, rather than to a challenge to the validity of the sentence. See Calvache v. Benov, 183 F.Supp. 2d. 124, 126 (D. Mass. 2001) (citing United States v. DiRusso, 535 F.2d 673, 674-76 (1st Cir. 1976)). A federal prisoner's challenge to the validity of his or her sentence should be brought pursuant to 28 U.S.C. § 2255. Id. A challenge to the execution of a federal prisoner's sentence that could be correctly brought pursuant to Section 2241 addresses "such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, types of detention and prison conditions." See Gonzalez v. United States, 150 F.Supp. 2d 236, 241 (D. Mass. 2001) (quoting Jiminian v. Nash, 245 F.3d 144, 146 (2nd Cir. 2001)).

In this case, petitioner challenges the BOP's use of his sentence in keeping his

3

custody level higher than he alleges it would otherwise be. Because this motion can be considered a challenge to the execution of his sentence, rather than to the validity of the sentence itself, I will construe petitioner's motion to have been rightly brought pursuant to 28 U.S.C. § 2241. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (holding pro se proceedings to less stringent standards than formal pleadings drafted by lawyers).

Habeas corpus is an extraordinary remedy the use of which has been limited to a special urgency and whose custody requirement is designed to preserve the writ as a remedy for severe restraints on individual liberty. United States ex rel. Bailey v. U.S. Commanding Officer of the Office of the Provost Marshal, U.S. Army, 496 F.2d 324, 325 (1st Cir. 1974) (internal quotations omitted). Petitioner asserts that the BOP's refusal to lower his custody level to a level that would permit him to be placed in a camp environment is a violation of his constitutionally protected liberty interest. "Liberty interests protected by the Fourteenth Amendment may arise from two sources - the Due Process Clause itself and the laws of the States." Hewitt v. Helms, 459 U.S. 460, 466 (1983). For petitioner to establish that the BOP's consideration of his status as an organizer violates a liberty interest, he must show that this classification either (i) exceeds his sentence "in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force" or (ii) "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Petitioner is not able to make either of these showings.

Although petitioner was led to believe that his efforts to lower his custody level could potentially lead to his transfer to a minimum security camp environment, his recent discovery that such a transfer is impossible is not such a hardship that it warrants a writ of habeas

corpus. The BOP followed the guidelines of the SDCCM exactly. Petitioner should thus not have been surprised that his custody level could not be reduced to minimum security level. The SDCCM provides in relevant part:

> Any **drug offender** whose current offense includes the following criteria
> shall be scored in the Greatest [S]everity category:
> The offender was part of an organizational network and he or she
> organized or maintained ownership interest/profits from **large-scale**
> drug activity,
> ***AND***
> the drug amount equals or exceeds the amount below:
> **Cocaine** - greater than or equal to 10,000 gm, 10K, or 22 lb

PS 5100.07, Appendix B, p. 1 (emphasis in the original). The SDCCM then defines "Drug Organizer/Leader" as including "Importer/High-Level Supplier" and "Organizer/Leader," which are defined as:

> **Importer/High-Level Supplier**: imports or otherwise supplies large
> quantities of drugs; is at or near the top of the distribution chain; has
> ownership interest in drugs (not merely transporting drugs for another
> individual); usually supplies drugs to other drug distributors and does
> not deal in retail amounts; may employ no or very few subordinates.
> **Organizer/Leader**: organizes, leads, directs, or otherwise runs a drug
> distribution organization. Receives the largest share of the profits and
> has the greatest decision making authority.

Id. at Appendix G, p. 1. Given that (i) the First Circuit affirmed this court's enhancement of petitioner's offense level for a role as a supervisor in the drug conspiracy, see United States v. Bey, 188 F.3d 1, 9-10 (1st Cir. 1999) (stating that "the district court correctly enhanced Bey's sentence" because of his supervision of his wife), and (ii) petitioner's conviction was for organizing others who were unaware of the enterprise, petitioner meets the BOP's definition of a prisoner who should be given a PSF of "Greatest Severity."

Petitioner has thus failed to show that the BOP has encroached on any protectable liberty interest because his custody classification in no way exceeds his sentence, nor does it impose atypical or significant hardship in relation to the ordinary incidents of prison life. See Conner, 515 U.S. at 487 (finding disciplinary segregation for misconduct to be "within the range of confinement to be normally expected for one serving [petitioner's] indeterminate term of 30 years to life"). Although petitioner would understandably find it preferable to be in a camp environment, the incarceration at FMC Devens, rather than the affiliated Federal Prison Camp, of a prisoner convicted of dealing in almost thirty kilograms of cocaine is far from being unique. I thus cannot grant the writ that petitioner requests.

## ORDER

For the foregoing reasons, it is ORDERED:

(1) Petitioner's Motion to Correct And Or Modify the Judgment of Conviction and Sentence Pursuant to 28 U.S.C. § 2241 (Docket No. 1) is DENIED; and

(2) The Clerk is directed to enter a Final Judgment as follows:

    (i) Judgment for respondent.
    (ii) This case is now closed.

    /s/Robert E. Keeton
    Robert E. Keeton

Senior United States District Judge