APPEALS

UNITED STATES ~~DISTRICT~~ COURT
FOR THE DISTRICT OF MASSACHUSETTS

2006 FEB -6 P 1: 22

FILED IN CLERKS OFFICE
US COURT OF APPEALS
FOR THE FIRST CIRCUIT

Joseph Bey, Jr.,                            *
Petitioner - Appellant,                     *
                                            *
vs.                                         *    Civil No. 05-11757-REK
                                            *
                                            *
United States Department of Justice,        *
Respondent - Appellee,                      *

---

**PETITIONER'S PRO SE NOTICE OF APPEAL AND MOTION TO PROCEED UPON APPEAL IN FORMA PAUPERIS**

---

Now Comes Joseph Bey, Jr. proceeding In propria persona, in the above styled action and numbered cause, to be referred herein after as "Petitioner," respectfully moving this court with his Pro se Notice of Appeal of a decision rendered by this court on or about January 25, 2006, but not received by petitioner until January 31, 2006, through the prison mail system. The opinion of this court denied a 28 U.S.C. § 2241 motion to correct and/or modify the judgment of conviction and sentence, based upon the Department of Justices improper reading and application of PSR enhanced penalties. In support of this Notice of Appeal and request to proceed Informa Pauperis upon appeal the petitioner hereby avers as follows:

The petitioner had raised a claim under the provisions of Title 28 U.S.C. § 2241, after exhausting his administrative remedies, in the Federal Bureau of Prisons ("FBOP"), to challenge and correct the effect of events that became apparent 'subsequent' to his conviction and imposition of sentence. Relief requested by way of issuing a writ of habeas corpus pursuant to § 2241 was denied on or about January 25, 2005, after the respondent's objection and petitioner's traverse were filed in and to this court.

1

The Memorandum and Order of the court gave credit to the 1999 provisions of the FBOP's Security Designation and Custody Classification Manuel ("SDCCM"), and completely ignored the FBOP's January 31, 2002, "Change Notice" and "Directive Affected 5100.07." A conclusive change was made in the determining factors to be utilized by the FBOP in the application of Public Safety Factor Variables ("PSFV") of Greater Severity. Specifically, "A new Appendix G has been added to define the role of drug offenders."[1] The FBOP directive is clear, in that it expressly instructs that Appendix B of the 9/3/1999 policy statement was to be removed; and to insert Appendix B and G of the 1/31/2002 changes.

The petitioner seeks to further this argument concerning the misapplication of the PSFV Greater Severity upon appeal, as the application of the "Organizer Leader" is not what is represented in the written record.[2] A balancing of equities requires a rule that allows the Circuit Court to reach the Sixth Amendment issue preserved and addressed herein. The finality interest must be balanced against appellant's liberty interest in having a proper adjudication on the merits of the constitutional issues that were raised diligently throughout the proceedings.

The petitioner was declared indigent and appointed counsel under the Criminal Justice Act, in the pre trial, trial settings as well as on Direct Appeal. For this reason, coupled with the fact that petitioner has been incarcerated since on or after June 21, 1996, has no monies in with which to pay for the filing of his appeal, he asks that this court grant his motion. Petitioner further asserts that by compelling his family to pay the costs of an appeal would cause a hardship, wherefore, petitioner respectfully prays that this court will grant leave to prosecute his appeal in forma pauperis.

---

[1] See Policy Statement Change directives 5100.07 1/31/2002, page 2.
[2] Neither the PSR, the Circuit Court opinion on the enhancement issues, nor the Sentencing transcripts reflect that Mr. Bey was considered as an "Organize/ Leader" in the criminal offense of conviction.

2

Respectfully,

*[signature]*

Joseph B. Bey, Jr., Pro se.
Reg. No. 21146-038
F.M.C. Devens, Box 879
Ayer, MA. 01432

## CERTIFICATE OF SERVICE

I Hartland Stoddart do hereby affirm and attest that I have mailed a copy of the attached Notice of appeal to the office of the U.S. Attorney for the District of Massachusetts on this 1st day of February 2006, by way of first class pre-paid mail. Signed pursuant to 28 U.S.C. § 1746.

*[signature]*

Joseph B. Bey, Jr., Pro se.
Reg. No. 21146-038
F.M.C. Devens, Box 879
Ayer, MA. 01432

OFFICE OF THE CLERK
## UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

RICHARD CUSHING DONOVAN
CLERK

One Courthouse Way
Suite 2500
Boston, MA 02210
617-748-9057

February 7, 2006

Sarah A. Thornton, Clerk
United States District Court
 for the District of Massachusetts
1 Courthouse Way, Suite 2300
Boston, MA 02210

Re:   Case No. 05-cv-11757   Joseph Bey v. US DOJ

Dear Ms. Thornton:

   Enclosed please find a misdirected notice of appeal that was filed in the United States Court of Appeals for the First Circuit on February 6, 2006. This appeal is from the denial of the appointment of counsel.

   In accordance with Fed.R.App.P. 4, the notice of appeal is transmitted herewith.  Please use the date of February 6, 2006, as the date of docketing the request in your court.  If this pleading has also been received in your court, please do not duplicate.

                              Sincerely,

                         By: _____
                              Appellate Liaison

DB/file

cc:   Joseph Bey
      Reg. No. 21146-038
      FMC Devens
      Box 879
      Ayer, MA   01432